IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SATYA N. MANDAVILLI, et al.,    *
                                      *
     Plaintiffs,                *
                                      *
vs.                                   *    CIVIL NO. 97-1518 (JP)
                                      *
NORMAN I. MALDONADO, et al.,    *
                                      *
     Defendants                 *
                                      *

## O R D E R

The Court has before it Co-Plaintiff Carmen Castañeyra's Motions Requesting the Enforcement of a Judgment (**docket Nos. 93, 96**), Motion Requesting Leave to File Documents in Spanish (**docket No. 94**), Motion Requesting Imposition of Sanctions (**docket No. 95**), and Urgent Motion Requesting a Hearing to Discuss Defendants' Breach of the Settlement Agreement as to Co-Plaintiff Carmen Castañeyra (**docket No. 97**). On June 15, 1999, the Court entered Judgment and dismissed the above captioned case with prejudice pursuant to the Court being informed of the parties' Settlement Agreement (docket No. 84). However, this settlement agreement was not incorporated as part of the Judgment nor was a copy ever tendered to the Court.

The First Circuit has spoken clearly upon the authority of the Federal District Courts to re-open cases to enforce settlement or to impose subsequent conditions to its judgment.

> "[F]ederal District Courts normally lack either the authority to impose a subsequent condition on a dismissal entered with prejudice based on a stipulation of dismissal with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(ii) or the jurisdiction to reopen a dismissed case to enforce a settlement."

CIVIL NO. 97-1518 (JP)                    2

<u>Metro-Goldwyn Mayer, Inc. v. Safety Products, Inc.</u> 183 F.3d 10, 14 (1st Cir. 1999) (citing <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 378, 114 S. Ct. 1673, 128 L.Ed.2d 291 (1994)). In the case at hand, the Court entered final Judgment and dismissed the case with prejudice. For this reason, the Court is under no duty to, and in fact is restricted from, reopening the case to enforce a settlement agreement.

However, this does not mean that Plaintiff is without remedy. Under Puerto Rico Law, a settlement agreement is considered a contract. 31 P.R. Laws Ann. § 4821 (1997). Additionally, the Supreme Court of Puerto Rico has upheld the contractual nature of a written stipulation entered by parties in a suit. See <u>Crespo Cardona v. Autoridad de Carreteras</u>, 163 PRSC 938 (1994); <u>Canino v. Bellaflores</u>, 78 PRSC 739 (1955). Therefore, if Plaintiff's allegations are with merit, they may have a colorable claim for breach of contract. However, they **do not** have a colorable claim before this Court, in this case.

For this reason, the Court hereby **DENIES** all of Co-Plaintiff's aforementioned Motions, as this case has been dismissed with prejudice and final Judgment has been entered.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 17th day of May, 2002.

*[signature]*

JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE